IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Thurmond Guess Sr., <br><br> Plaintiff, <br><br> vs. <br><br> Leonardo Brown As Richland County Administrator; Darrell Jackson Sr; Rose Ann English; Alfred T. Guess; Marjorie Guess, <br><br> Defendants. | Civil Action No. 3:23-2957-CMC <br><br> **ORDER** |

This matter is before the court on Plaintiffs' *pro se* Complaint. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report").

On August 4, 2023, the Magistrate Judge issued a Report recommending the Complaint be summarily dismissed without prejudice and without issuance and service of process for lack of subject matter jurisdiction. ECF No. 12. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections on August 11, 2023. ECF No. 15.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo

determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

In his objections, Plaintiff alleges he has sufficiently pleaded the elements of an action under 42 U.S.C. § 1983. ECF No. 15 at 2. He also contends the court overlooked the fact that Leonardo Brown and Richland County "produce a letter after being warn that the Easement rights of way Deed was scam, illegal." *Id.* (errors in original). In addition, Plaintiff requests the court allow him to amend his complaint and cure deficiencies that would show he brings his claim under federal question jurisdiction.

The court agrees with the Magistrate Judge the original Complaint does not set forth a viable federal claim under § 1983. However, Plaintiff has requested an opportunity to amend his Complaint, and asserts he will be able to meet the requirements of § 1983. After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court will allow Plaintiff an opportunity to amend and therefore declines to adopt the Report. The Amended Complaint shall be filed within 30 days of the entry of this Order.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
August 23, 2023

3:23-cv-02957-CMC     Date Filed 08/23/23     Entry Number 17     Page 3 of 3